IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC HOSEY, #193503, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-959-TMH |
| ) | [WO] |
| ) | |
| ALTHEA WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Eric Hosey ["Hosey"], a state inmate, raises claims with respect to actions which occurred at the Ventress Correctional Facility.

Upon review of the complaint, the court concludes that Hosey's claim challenging the lack of a grievance procedure is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**II.  DISCUSSION**

Hosey maintains the defendant deprived him of due process because no grievance procedure is provided by the Alabama Department of Corrections. *Complaint - Court Doc. No. 1* at 3. In the context of a prison setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted); *Flowers v. Tate*, 925 F.2d 1463 (6th

---

[1] The court granted Hosey leave to proceed *in forma pauperis* in this cause of action. *Order of November 7, 2012 - Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which allows summary dismissal of a prisoner's claim if the claim is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Cir. 1991) (An inmate "does not have a constitutional right to an effective grievance procedure."); *McCray v. Mallory*, 931 F.2d 54 (1991) (The plaintiff's claim regarding insufficiency of the inmate grievance procedure is frivolous because such procedure is not constitutionally required.); *Miller v. Jones*, 791 F.Supp. 240, 2141-242 (E.D. Mo. 1992) (The inmate's allegation of "wrongful denial of a grievance [fails to state a viable claim for relief in a § 1983 action as he] has no constitutional right to a grievance procedure."). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Thus, the failure to provide an inmate grievance procedure provides no basis for relief in this cause of action.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's due process claim challenging the lack of a prison grievance procedure be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. This case be referred back the undersigned for additional proceedings on the plaintiff's remaining claims for relief.

It is further

ORDERED that **on or before December 26, 2012**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of December, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE